LINDSAY & BREWSTER v. SPILLER.

SALES—PERFORMANCE—QUESTION FOR JURY.

In an action by the seller on a contract to advertise the undertaking business, giving the seller the right to select the cuts and the reading matter, evidence that the matter furnished was not such as would advertise the undertaking business presented an issue of fact as to whether the seller had performed.[1]

Case-made from Oakland; Sample (George W.), J., presiding.    Submitted June 15, 1926.    (Docket No. 103.)    Decided July 22, 1926.

Assumpsit in justice's court by Lindsay & Brewster, Incorporated, against J. H. Spiller for goods sold and delivered.    There was judgment for plaintiff, and defendant appealed to the circuit court.    Judgment for defendant.    Plaintiff appeals.    Affirmed.

*Keeling & Bogue,* for appellant.

*Harry J. Merritt,* for appellee.

SHARPE, J.    Plaintiff brought suit on an order received by it from defendant and duly accepted, which reads in part as follows:

"LINDSAY & BREWSTER, INC.
Advertising
354 Fourth Avenue, New York.

"Ship by express F. O. B. New York, as soon as possible:

"Fifty-two cuts, size about 3x1⅜, and reading matter, both as you think best, from your Service of Sincerity Series, and I (we) hereby agree to pay you at New York, at the rate of two 00/100 dollars per cut, total

---

[1]Sales, 35 Cyc. p. 574.

one hundred and four 00/100 dollars ($104.00) for my (our) right to use the above cuts and reading matter for one year only from the 1st of the month following date of shipment in advertising the undertaking business in newspapers of and other media of Royal Oak, State of Michigan, only." * * *

It reviews the judgment entered on a verdict for defendant by case-made.

Under the terms of the written contract, plaintiff agreed to furnish certain cuts and reading matter to be used by defendant "in advertising the undertaking business." It had proof that it had fully performed. In defense, there was proof that the cuts and reading matter furnished were not such as "would advertise the undertaking business." While under the contract plaintiff had the right of selection, that which it furnished must have been of such a character as would be applicable to defendant's business. Defendant's testimony clearly raised an issue of fact as to whether plaintiff had performed its obligation under the contract. Plaintiff was not entitled to a directed verdict. This is the only question discussed or presented.

The judgment is affirmed, with costs to defendant.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.